UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Prakash Thombre,                                        Case No.  3:22-cv-924

                        Plaintiff,

            v.                                          MEMORANDUM OPINION
                                                              AND ORDER

United Airlines, Inc.,

                        Defendant.


## I.  INTRODUCTION AND BACKGROUND

In February 2022, *pro se* Plaintiff Prakash Thombre and his wife Kyrmen traveled from their home in Oregon, Ohio, to Shillong, Meghalaya, in India.  Their trip began with a United Airlines flight from Detroit, Michigan to Newark, New Jersey.  (Doc. No. 1 at 2).  From Newark, the Thombres flew to Delhi, India, also with United.  (*Id.*).  Unfortunately, their luggage, which included necessary prescribed medications, did not arrive with them.  (*Id.* at 6).

From Delhi, the Thombres flew to Guwahati, India on a domestic airline, before traveling by car to Shillong, over four hours away.  (*Id.* at 9).  Despite assurances their luggage would arrive the next day, the Thombres' property did not arrive until five days after their flight landed in Delhi.  (*Id.* at 8-9).  They finally were able to collect their clothing and prescription medications following another four-hour car ride from Shillong to Guwahati.  (*Id.*).

Thombre contacted United's baggage claims department, seeking reimbursement for expenses he and his wife incurred in India due to the delayed arrival of their luggage.  Thombre

alleges his initial requests were ignored and, when he did receive a response, the claims

representatives refused to process Thombre's request without expense receipts.  (*Id.* at 7-9).  But

Thombre contended he was unable to collect receipts for every transaction due to the complications

from their missing blood sugar and blood pressure medications, the adverse winter weather

conditions, and the need to use third party services to make many of the purchases for them.  (*Id.* at

6).  After repeated failed attempts to obtain reimbursement informally, Thombre filed suit, alleging

United violated federal law by failing to deliver their luggage in a timely manner and in rejecting his

requests for reimbursement.  (*Id.* at 2).

United filed a motion to dismiss the complaint for failure to state a claim upon which relief

may be granted.  (Doc. No. 9).  Thombre filed a brief in opposition, (Doc. No. 10), and United filed

a brief in reply.  (Doc. No. 11).  For the reasons stated below, I grant United's motion.

## II.  STANDARD

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to

state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  When ruling on a motion

to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as

true well-pleaded factual allegations.  *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014)

(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  Factual allegations must be sufficient to state a

plausible claim for relief.  *Iqbal*, 556 U.S. at 678.  Legal conclusions and unwarranted factual

inferences are not entitled to a presumption of truth.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007).

## III.  ANALYSIS

The United States is a party to a treaty agreed to at the Convention for the Unification of

Certain Rules for International Carriage by Air, May 28, 1999, known as the Montreal Convention.

The treaty was ratified by the United States Senate and took effect as federal law on September 5,

2003. *See, e.g., Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co.*, 522 F.3d 776, 781 (7th Cir. 2008). The Montreal Convention applies to all international flights between nations that are parties to the Convention. *See, e.g., Bassam v. Am. Airlines*, 287 F. App'x 309, 312 (5th Cir. 2008).

Article 17 of the Montreal Convention – titled "Death and Injury of Passengers – Damage to Baggage" – provides that a "carrier is liable for damage sustained in case of destruction or loss of, or of damage to, checked baggage upon condition only that the event which caused the destruction, loss or damage took place on board the aircraft or during any period within which the checked baggage was in the charge of the carrier." Montreal Convention, Art. 17(2).

United contends Thombre has not alleged a plausible claim for relief because the Montreal Convention does not provide a right of recovery for baggage delays of less than 21 days. (Doc. No. 9 at 3-4). I agree.

By its terms, the Montreal Convention permits a passenger to obtain compensation for damage to baggage "[i]f the carrier admits the loss of the checked baggage, or if the checked baggage has not arrived at the expiration of twenty-one days after the date on which it ought to have arrived." Montreal Convention, Art. 17(3). The allegations in the Complaint demonstrate United did not admit it lost the baggage and that the baggage arrived in India approximately 5 days after it should have arrived. *See, e.g., Pumputyte v. United Airlines, Inc.*, No. 16 C 4868, 2018 WL 1240314, at *5 (N.D. Ill. Mar. 9, 2018) (holding "Article 17(3) independently forecloses any damages for the delay" attendant to the delivery of luggage one day after arrival); *Candelo v. Am. Airlines*, 2010 WL 1743964, at *1 (W.D. Ky. Apr. 28, 2010) (noting "[t]he right of action for a missing bag [under Article 17(3)] does not accrue until the luggage is gone for 21 days or more," and dismissing plaintiffs' claim related to the 4-day delay in baggage arrival). While the Thombres undoubtedly endured hardship as a result of the delayed arrival of their luggage, I conclude Article 17 does not permit them to proceed with their claim.

3

Thombre contends I should deny United's motion because United engaged in deceptive behavior and did not produce any evidence that its employees made a good faith effort to locate the Thombres' baggage in a timelier manner as required by Article 19. (Doc. No. 10 at 1-2).

Article 19 states:

> The carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage or cargo. Nevertheless, the carrier shall not be liable for damage occasioned by delay if it proves that it and its servants and agents took all measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures.

Montreal Convention, Art. 19.

But, as United points out, a passenger must first accrue a claim for damage to baggage under Article 17 before Article 19 applies. *See Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 493 (S.D.N.Y. 2009) ("Article 17(3) creates the possibility of liability for **delay** in delivering baggage, but only if the delay exceeded 21 days, and only subject to various other conditions, including Articles 19, 22, 29 and 31.") (emphasis in original). Thombre does not have a plausible claim for relief under Article 17 and, therefore, I conclude Article 19 does not apply.

## IV.  CONCLUSION

For the reasons stated above, I grant United's motion to dismiss. (Doc. No. 9).


So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
